UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

Phil Brodsky

                    Plaintiff

No.  07 CV 10286

      -against-

Armstrong World Industries, Inc.,
Armstrong Cork Company, Inc.

**JURY TRIAL DEMANDED**

                Defendants,

----------------------------------------------------------------X

## ANSWER OF DEFENDANTS ARMSTRONG WORLD INDUSTRIES INC. AND ARMSTRONG CORK COMPANY, INC. WITH AFFIRMATIVE DEFENSES

The defendants herein Armstrong World Industries Inc. and Armstrong Cork

Company, Inc., by their attorneys, Wilbraham Lawler & Buba, hereby answer the

Complaint of the plaintiff Phil Brodsky as follows:

1.  Denied. The averments within this paragraph of the plaintiff's complaint are denied

    in that they recite a legal conclusion which requires no response under the

    applicable rules of court and the Federal Rules of Civil Procedure and are therefore

    denied. By way of further answer, and without waiving said denial, the answering

    defendant Armstrong World Industries Inc. specifically denies that it is a resident of

    New York. To the contrary, the defendant Armstrong World Industries is a resident

    of the Commonwealth of Pennsylvania.

2.  Denied. The averments within this paragraph of the plaintiff's complaint are denied

    in that they recite a legal conclusion which requires no response under the

    applicable rules of court and the Federal Rules of Civil Procedure and are therefore

denied. By way of further answer, and without waiving said denial, the answering defendant Armstrong World Industries Inc. specifically denies that it is a resident of New York. To the contrary, the defendant Armstrong World Industries is a resident of the Commonwealth of Pennsylvania.

3. Denied. The averments within this paragraph of the plaintiff's complaint are denied in that they recite a legal conclusion which requires no response under the applicable rules of court and the Federal Rules of Civil Procedure and are therefore denied. By way of further answer, and without waiving said denial, the answering defendant Armstrong World Industries Inc. specifically denies that it is a resident of New York. To the contrary, the defendant Armstrong World Industries is a resident of the Commonwealth of Pennsylvania.

4. Denied. The averments within this paragraph are denied in that they recite legal conclusions which require no response under the applicable Federal Rules of Civil Procedure and are therefore denied. By way of further answer, and without waiving said denial, the answering defendant Armstrong World Industries Inc. specifically denies that it committed a tortious act within the State of New York.

5. Denied. The averments within this paragraph are denied in that they recite legal conclusions which require no response under the applicable Federal Rules of Civil Procedure.

6. Denied. The averments within this paragraph are denied in that they recite legal conclusions which require no response under the applicable Federal Rules of Civil Procedure.

7. Denied. The averments within this paragraph are denied in that they recite legal

conclusions which require no response under the applicable Federal Rules of Civil Procedure.

8.  Denied.  The averments within this paragraph are denied in that they recite legal conclusions which require no response under the applicable Federal Rules of Civil Procedure.

9.  Denied.  The averments within this paragraph are denied in that they recite legal conclusions which require no response under the applicable Federal Rules of Civil Procedure.

10. Denied.  The averments within this paragraph are denied in that they recite legal conclusions which require no response under the applicable Federal Rule of Civil Procedure and are therefore denied.  By way of further answer, and without waiving said denial, the answering defendants aver that the defendant Armstrong Cork Company Inc. is an entity that no longer exists by that name but was a corporation organized under the laws of the Commonwealth of Pennsylvania, having its principal place of business in the Commonwealth of Pennsylvania.  By way of further answer, the answering defendants aver that in 1980 Armstrong Cork Company, Inc. changed its name to Armstrong World Industries Inc.

11. Denied.  The averments within this paragraph are denied in that they recite legal conclusions which require no response under the applicable Federal Rule of Civil Procedure and are therefore denied.  By way of further answer, and without waiving said denial, the answering defendants aver that the defendant Armstrong Cork Company Inc. is an entity that no longer exists by that name but was a corporation organized under the laws of the Commonwealth of Pennsylvania, having its

principal place of business in the Commonwealth of Pennsylvania. By way of further answer, the answering defendants aver that in 1980 Armstrong Cork Company, Inc. changed its name to Armstrong World Industries Inc.

12. Denied. The averments within this paragraph are denied in that they recite legal conclusions which require no response under the applicable Federal Rule of Civil Procedure and are therefore denied. By way of further answer, and without waiving said denial, the answering defendants aver that the defendant Armstrong Cork Company Inc. is an entity that no longer exists by that name but was a corporation organized under the laws of the Commonwealth of Pennsylvania, having its principal place of business in the Commonwealth of Pennsylvania. By way of further answer, the answering defendants aver that in 1980 Armstrong Cork Company, Inc. changed its name to Armstrong World Industries Inc. Denied. The averments within this paragraph are denied in that they recite legal conclusions which require no response under the applicable Federal Rule of Civil Procedure and are therefore denied. By way of further answer, and without waiving said denial, the answering defendants aver that the defendant Armstrong Cork Company Inc. is an entity that no longer exists by that name but was a corporation organized under the laws of the Commonwealth of Pennsylvania, having its principal place of business in the Commonwealth of Pennsylvania. By way of further answer, the answering defendants aver that in 1980 Armstrong Cork Company, Inc. changed its name to Armstrong World Industries Inc.

13. Denied. The averments within this paragraph are denied in that they recite legal conclusions which require no response under the applicable Federal Rule of Civil

Procedure and are therefore denied. By way of further answer, and without waiving said denial, the answering defendants aver that the defendant Armstrong Cork Company Inc. is an entity that no longer exists by that name but was a corporation organized under the laws of the Commonwealth of Pennsylvania, having its principal place of business in the Commonwealth of Pennsylvania. By way of further answer, the answering defendants aver that in 1980 Armstrong Cork Company, Inc. changed its name to Armstrong World Industries Inc.

14. Denied. The averments within this paragraph are denied in that they recite legal conclusions which require no response under the applicable Federal Rule of Civil Procedure and are therefore denied. By way of further answer, and without waiving said denial, the answering defendants aver that the defendant Armstrong Cork Company Inc. is an entity that no longer exists by that name but was a corporation organized under the laws of the Commonwealth of Pennsylvania, having its principal place of business in the Commonwealth of Pennsylvania. By way of further answer, the answering defendants aver that in 1980 Armstrong Cork Company, Inc. changed its name to Armstrong World Industries Inc.

15. Denied. The averments within this paragraph are denied in that they recite legal conclusions which require no response under the applicable Federal Rule of Civil Procedure and are therefore denied. By way of further answer, and without waiving said denial, the answering defendants aver that the defendant Armstrong Cork Company Inc. is an entity that no longer exists by that name but was a corporation organized under the laws of the Commonwealth of Pennsylvania, having its principal place of business in the Commonwealth of Pennsylvania. By way of

further answer, the answering defendants aver that in 1980 Armstrong Cork

Company, Inc. changed its name to Armstrong World Industries Inc.

16. Denied. The averments within this paragraph are denied in that they recite legal

conclusions which require no response under the applicable Federal Rule of Civil

Procedure and are therefore denied. By way of further answer, and without waiving

said denial, the answering defendants aver that the defendant Armstrong Cork

Company Inc. is an entity that no longer exists by that name but was a corporation

organized under the laws of the Commonwealth of Pennsylvania, having its

principal place of business in the Commonwealth of Pennsylvania. By way of

further answer, the answering defendants aver that in 1980 Armstrong Cork

Company, Inc. changed its name to Armstrong World Industries Inc.

17. Denied. The averments within this paragraph are denied in that they recite legal

conclusions which require no response under the applicable Federal Rule of Civil

Procedure and are therefore denied. By way of further answer, and without waiving

said denial, the answering defendants aver that the defendant Armstrong Cork

Company Inc. is an entity that no longer exists by that name but was a corporation

organized under the laws of the Commonwealth of Pennsylvania, having its

principal place of business in the Commonwealth of Pennsylvania. By way of

further answer, the answering defendants aver that in 1980 Armstrong Cork

Company, Inc. changed its name to Armstrong World Industries Inc.

18-27.    Denied. The averments within these several paragraphs refer to a

defendant other than the answering defendant and as no response is required of

these defendants under the Federal Rules of Civil Procedure, these averments are

deemed denied.

28. Denied. The averments within this paragraph recite legal conclusions with require no response under the applicable rules of civil procedure and are therefore denied.

29. Denied. After a reasonable investigation, the answering defendants are without knowledge and/or information sufficient to form a belief as to the truth or falsity of the averments contained within this paragraph and therefore they are denied. Strict proof of all factual averments is demanded at the time of trial.

30. Denied. After a reasonable investigation, the answering defendants are without knowledge and/or information sufficient to form a belief as to the truth or falsity of the averments contained within this paragraph and therefore they are denied. Strict proof of all factual averments is demanded at the time of trial.

31. Denied. After a reasonable investigation, the answering defendants are without knowledge and/or information sufficient to form a belief as to the truth or falsity of the averments contained within this paragraph and therefore they are denied. Strict proof of all factual averments is demanded at the time of trial.   The averments within this paragraph are also denied in that they recite legal conclusions which require no response under the applicable Rules of Federal Civil Procedure.

32. Denied. The averments within this paragraph are denied in that they merely recite legal conclusions which require no response under the applicable Federal Rule of Civil Procedure and are therefore denied.

33. Denied. The averments within this paragraph are denied in that they merely

recite legal conclusions which require no response under the applicable Federal Rule of Civil Procedure and are therefore denied.

34. Denied. The averments within this paragraph are denied in that they merely recite legal conclusions which require no response under the applicable Federal Rule of Civil Procedure and are therefore denied. To the extent that this paragraph contains any factual averments, the answering defendants, after a reasonable investigation, are without knowledge and/or information sufficient to form a belief as to the truth or falsity of those averments and they are deemed denied. Strict proof of all factual averments is demanded at time of trial.

35. Denied. The averments within this paragraph are denied in that they merely recite legal conclusions which require no response under the applicable Federal Rule of Civil Procedure and are therefore denied.

36. Denied. The averments within this paragraph are denied in that they merely recite legal conclusions which require no response under the applicable Federal Rule of Civil Procedure and are therefore denied. To the extent that this paragraph contains any factual averments, the answering defendants, after a reasonable investigation, are without knowledge and/or information sufficient to form a belief as to the truth or falsity of those averments and they are deemed denied. Strict proof of all factual averments is demanded at time of trial.

37. Denied. The averments within this paragraph are denied in that they merely recite legal conclusions which require no response under the applicable Federal Rule of Civil Procedure and are therefore denied.

38. Denied. The averments within this paragraph recite legal conclusions requiring

no response under the applicable Federal Rule of Civil Procedure and are therefore denied.

39. Denied. The averments within this paragraph recite legal conclusions requiring no response under the applicable Federal Rule of Civil Procedure and are therefore denied.

40. The answering defendants incorporate herein by reference their answer to plaintiff's complaint and specifically the averments in paragraphs 1 through 39 as if each had been set forth in their entirety.

41. Denied. After a reasonable investigation, the answering defendants are without knowledge and or information sufficient to form a belief as to the truth or falsity of the averments contained within this paragraph and therefore they are denied. Strict proof of all factual averments is demanded at time of trial. In addition, this paragraph recites legal conclusions which require no response under applicable Federal Rule of Civil Procedure and are therefore denied.

42. Denied. After a reasonable investigation, the answering defendants are without knowledge and/or information sufficient to form a belief as to the truth or falsity of the averments contained within this paragraph and therefore they are denied. Strict proof of all factual averments is demanded at time of trial. In addition, this paragraph recites legal conclusions which require no response under applicable Federal Rule of Civil Procedure and are therefore denied.

43. Denied. After a reasonable investigation, the answering defendants are without knowledge and/or information sufficient to form a belief as to the truth or falsity of the averments contained within this paragraph and therefore they are denied.

Strict proof of all factual averments is demanded at time of trial. In addition, this paragraph recites legal conclusions which require no response under applicable Federal Rule of Civil Procedure and are therefore denied.

44. Denied. After a reasonable investigation, the answering defendants are without knowledge and/or information sufficient to form a belief as to the truth or falsity of the averments contained within this paragraph and therefore they are denied. Strict proof of all factual averments is demanded at time of trial. In addition, this paragraph recites legal conclusions which require no response under applicable Federal Rule of Civil Procedure and are therefore denied.

45. Denied. After a reasonable investigation, the answering defendants are without knowledge and/or information sufficient to form a belief as to the truth or falsity of the averments contained within this paragraph and therefore they are denied. Strict proof of all factual averments is demanded at time of trial. In addition, this paragraph recites legal conclusions which require no response under applicable Federal Rule of Civil Procedure and are therefore denied.

46. Denied. After a reasonable investigation, the answering defendants are without knowledge and/or information sufficient to form a belief as to the truth or falsity of the averments contained within this paragraph and therefore they are denied. Strict proof of all factual averments is demanded at time of trial. In addition, this paragraph recites legal conclusions which require no response under applicable Federal Rule of Civil Procedure and are therefore denied.

47. Denied. After a reasonable investigation, the answering defendants are without knowledge and/or information sufficient to form a belief as to the truth or falsity

of the averments contained within this paragraph and therefore they are denied. Strict proof of all factual averments is demanded at time of trial. In addition, this paragraph recites legal conclusions which require no response under applicable Federal Rule of Civil Procedure and are therefore denied.

48. Denied. After a reasonable investigation, the answering defendants are without knowledge and/or information sufficient to form a belief as to the truth or falsity of the averments contained within this paragraph and therefore they are denied. Strict proof of all factual averments is demanded at time of trial. In addition, this paragraph recites legal conclusions which require no response under applicable Federal Rule of Civil Procedure and are therefore denied.

49. Denied. After a reasonable investigation, the answering defendants are without knowledge and/or information sufficient to form a belief as to the truth or falsity of the averments contained within this paragraph and therefore they are denied. Strict proof of all factual averments is demanded at time of trial. In addition, this paragraph recites legal conclusions which require no response under applicable Federal Rule of Civil Procedure and are therefore denied.

50. Denied. After a reasonable investigation, the answering defendants are without knowledge and/or information sufficient to form a belief as to the truth or falsity of the averments contained within this paragraph and therefore they are denied. Strict proof of all factual averments is demanded at time of trial. In addition, this paragraph recites legal conclusions which require no response under applicable Federal Rule of Civil Procedure and are therefore denied.

51. Denied. After a reasonable investigation, the answering defendants are without

knowledge and/or information sufficient to form a belief as to the truth or falsity of the averments contained within this paragraph and therefore they are denied. Strict proof of all factual averments is demanded at time of trial. In addition, this paragraph recites legal conclusions which require no response under applicable Federal Rule of Civil Procedure and are therefore denied.

52. Denied. After a reasonable investigation, the answering defendants are without knowledge and/or information sufficient to form a belief as to the truth or falsity of the averments contained within this paragraph and therefore they are denied. Strict proof of all factual averments is demanded at time of trial. In addition, this paragraph recites legal conclusions which require no response under applicable Federal Rule of Civil Procedure and are therefore denied.

53. Denied. After a reasonable investigation, the answering defendants are without knowledge and/or information sufficient to form a belief as to the truth or falsity of the averments contained within this paragraph and therefore they are denied. Strict proof of all factual averments is demanded at time of trial. In addition, this paragraph recites legal conclusions which require no response under applicable Federal Rule of Civil Procedure and are therefore denied.

54. Denied. After a reasonable investigation, the answering defendants are without knowledge and/or information sufficient to form a belief as to the truth or falsity of the averments contained within this paragraph and therefore they are denied. Strict proof of all factual averments is demanded at time of trial. In addition, this paragraph recites legal conclusions which require no response under applicable Federal Rule of Civil Procedure and are therefore denied.

55. Denied. After a reasonable investigation, the answering defendants are without knowledge and/or information sufficient to form a belief as to the truth or falsity of the averments contained within this paragraph and therefore they are denied. Strict proof of all factual averments is demanded at time of trial. In addition, this paragraph recites legal conclusions which require no response under applicable Federal Rule of Civil Procedure and are therefore denied.

56. Denied. After a reasonable investigation, the answering defendants are without knowledge and/or information sufficient to form a belief as to the truth or falsity of the averments contained within this paragraph and therefore they are denied. Strict proof of all factual averments is demanded at time of trial. In addition, this paragraph recites legal conclusions which require no response under applicable Federal Rule of Civil Procedure and are therefore denied.

57. Denied. The averments within this paragraph recite legal conclusions requiring no response under the applicable Federal Rule of Civil Procedure and are therefore denied.

58. The averments within this paragraph recite legal conclusions requiring no response under the applicable Federal Rule of Civil Procedure and are therefore denied.

59. The averments within this paragraph recite legal conclusions requiring no response under the applicable Federal Rule of Civil Procedure and are therefore denied.

60. The averments within this paragraph recite legal conclusions requiring no response under the applicable Federal Rule of Civil Procedure and are therefore

denied.

61. The answering defendants incorporate herein by reference their answer to plaintiff's complaint, specifically paragraphs 1 through 60 as if each had been set forth in their entirety herein.

62. Denied. The averments within this paragraph recite legal conclusions requiring no response under the applicable Federal Rule of Civil Procedure and are therefore denied.

63. Denied. The averments within this paragraph recite legal conclusions requiring no response under the applicable Federal Rule of Civil Procedure and are therefore denied.

64. Denied. The averments within this paragraph recite legal conclusions requiring no response under the applicable Federal Rule of Civil Procedure and are therefore denied.

65. Denied. The averments within this paragraph recite legal conclusions requiring no response under the applicable Federal Rule of Civil Procedure and are therefore denied.

66. Denied. The averments within this paragraph recite legal conclusions requiring no response under the applicable Federal Rule of Civil Procedure and are therefore denied.

67. Denied. The averments within this paragraph recite legal conclusions requiring no response under the applicable Federal Rule of Civil Procedure and are therefore denied.

68. Denied. The averments within this paragraph recite legal conclusions requiring

no response under the applicable Federal Rule of Civil Procedure and are therefore denied.

69. Denied. The averments within this paragraph recite legal conclusions requiring no response under the applicable Federal Rule of Civil Procedure and are therefore denied.

70. Denied. The averments within this paragraph recite legal conclusions requiring no response under the applicable Federal Rule of Civil Procedure and are therefore denied.

71. The answering defendants incorporate herein by reference their answer to plaintiff's complaint, more specifically paragraphs 1 through 70 as if each had been set forth in their entirety herein.

72. Denied. The averments within this paragraph recite legal conclusions requiring no response under the applicable Federal Rule of Civil Procedure and are therefore denied.

73. Denied. The averments within this paragraph recite legal conclusions requiring no response under the applicable Federal Rule of Civil Procedure and are therefore denied.

74. Denied. The averments within this paragraph recite legal conclusions requiring no response under the applicable Federal Rule of Civil Procedure and are therefore denied.

75. Denied. The averments within this paragraph recite legal conclusions requiring no response under the applicable Federal Rule of Civil Procedure and are therefore denied.

76. Denied.  The averments within this paragraph recite legal conclusions requiring no response under the applicable Federal Rule of Civil Procedure and are therefore denied.

77. Denied.  The averments within this paragraph recite legal conclusions requiring no response under the applicable Federal Rule of Civil Procedure and are therefore denied.

78. Denied.  The averments within this paragraph recite legal conclusions requiring no response under the applicable Federal Rule of Civil Procedure and are therefore denied.

79. The answering defendants incorporate herein by reference its answer to plaintiff's complaint, specifically paragraphs 1 through 78 as if each had been set forth in their entirety herein.

80. Denied.  The averments within this paragraph recite legal conclusions requiring no response under the applicable Federal Rule of Civil Procedure and are therefore denied.

81. Denied.  The averments within this paragraph recite legal conclusions requiring no response under the applicable Federal Rule of Civil Procedure and are therefore denied.

82. Denied.  The averments within this paragraph recite legal conclusions requiring no response under the applicable Federal Rule of Civil Procedure and are therefore denied.

83. Denied.  The averments within this paragraph recite legal conclusions requiring no response under the applicable Federal Rule of Civil Procedure and are

therefore denied.

84. Denied. The averments within this paragraph recite legal conclusions requiring no response under the applicable Federal Rule of Civil Procedure and are therefore denied.

85. Denied. The averments within this paragraph recite legal conclusions requiring no response under the applicable Federal Rule of Civil Procedure and are therefore denied.

86. Denied. The averments within this paragraph recite legal conclusions requiring no response under the applicable Federal Rule of Civil Procedure and are therefore denied.

87. Denied. The averments within this paragraph recite legal conclusions requiring no response under the applicable Federal Rule of Civil Procedure and are therefore denied.

88. Denied. The averments within this paragraph recite legal conclusions requiring no response under the applicable Federal Rule of Civil Procedure and are therefore denied.

89. Denied. The averments within this paragraph recite legal conclusions requiring no response under the applicable Federal Rule of Civil Procedure and are therefore denied.

**WHEREFORE,** the answering defendants respectfully request this Honorable Court enter judgment in their favor and deny all claims set forth by the plaintiff in his complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The complaint of the plaintiff against the answering defendant fails to state a cause of action against it upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The plaintiff's claim against the answering defendants fails for lack of in persona jurisdiction.

### THIRD AFFIRMATIVE DEFENSE

The complaint of the plaintiff against the answering defendants fails for lack of subject matter jurisdiction.

### FOURTH AFFIRMATIVE DEFENSE

The answering defendant  specifically denies that its products caused and/or contributed to any condition alleged by the plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims for exemption of the statute of limitations fail as a result of the absence of both factual and legal predicates for tolling the same.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are limited and/or barred in their entirety by the plaintiff's own comparative negligence.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries and/or damages were not proximately caused by any product manufactured, distributed, sold or otherwise placed into the stream of commerce by the answering defendants.

## NINETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in that the plaintiff's allegations of the proximate causation are unable to be sustained under the standard set forth in *Daubert vs. Merrell Dow Pharmaceuticals,* and its progeny.

## TENTH AFFIRMATIVE DEFENSE

The answering defendants specifically deny that any of their products caused any injuries and/or damages to the plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

If it can be found that the plaintiff sustained injuries and/or damages as alleged in the plaintiff's complaint, the liability of the answering defendants for said claimed injuries and/or damages being specifically denied, then the answering defendants aver that said injuries and/or damages were caused by products, substances, materials, or other factors which did not involve the products of the answering defendants.

## TWELFTH AFFIRMATIVE DEFENSE

The claims of the plaintiff are barred by spoliation by the plaintiff and/or third party of evidence of plaintiff's alleged exposure.

## THIRTEENTH AFFIRMATIVE DEFENSE

The claims of the plaintiff are barred by the plaintiff's assumption of known, open and obvious risks.

## FOURTEENTH AFFIRMATIVE DEFENSE

The plaintiff's claims against the answering defendants are barred by the improper service upon the answering defendants by plaintiff in this case.

## FIFTEENTH AFFIRMATIVE DEFENSE

The plaintiff's claims against the answering defendants are barred in whole or in part by the discharge of bankruptcy of all claims against Armstrong World Industries Inc. in the Federal Bankruptcy Court for the District of Delaware.

## SIXTEENTH AFFIRMATIVE DEFENSE

The claims of the plaintiff are barred in whole or in part by the doctrine of waiver to the extent that the decision of the Federal Bankruptcy Court for the District of Delaware, in discharging Armstrong's obligations under the final Bankruptcy Order, waives any and all claims of this plaintiff in this action.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The claims of the plaintiff and the instant civil action are estopped wholly or in part by the Order of the Bankruptcy Court in the District of Delaware relating to the discharge of all claims against Armstrong World Industries Inc.

Wilbraham Lawler & Buba

By: _____
Edward J. Stolarski, Jr.

CERTIFICATION OF SERVICE

I, Edward J. Stolarski, Jr., counsel for the defendants Armstrong World Industries, Inc. and Armostrong Cork Company, Inc. do hereby certify that a true and correct copy of the defendants' answer to plaintiff's complaint was duly filed electronically with the court by use of the PACER System of the United States District Court for the Southern District of New York and that a true and correct copy of the same was also served upon counsel for the plaintiff by first class mail, postage pre-paid at the address below:

> Norman R. Colon, Esquire
> 209-45 26th Street-Suite 1B
> Bay Terrace, NY 11360

_____/s/_____
Edward J. Stolarski

Dated:  November 30, 2007